UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID RODRIGUEZ, Individually and on Behalf of all Others Similarly Situated,<br><br>                                   Plaintiff<br><br>                    - against -<br><br>IMAGE PLAZA INC.,<br><br>                                   Defendant | 22 Civ. 3628<br><br>**COMPLAINT**<br><br><br>**JURY DEMAND** |

Plaintiff, DAVID RODRIGUEZ, by and through his counsel, James E. Bahamonde, Esq. from the Law Offices of James E. Bahamonde, PC, files this Complaint and respectfully alleges against Defendant:

## NATURE OF THE CASE

1.      In violation of well-settled, 30-year-old law, Defendant has made a financial decision to not remove a variety of unlawful architectural barriers which exist at its public accommodation. Instead, Defendant has chosen to create and follow a policy to exclude Plaintiff and all other disabled persons, who use wheelchairs and scooters, from having equal access to and use of Defendant's public accommodation.

2.      Plaintiff files this action on behalf of himself and as an action for those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 *et seq*.

3.      Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the Defendant.

1

## VENUE AND JURISDICTION

4.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

5.      The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendant's state law violations pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

7.      The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

## PARTIES

8.      That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of Suffolk County, New York.

9.      Defendant IMAGE PLAZA INC. is a New York domestic business corporation authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Suffolk County.

10.     Defendant IMAGE PLAZA INC. is owner of the commercial property which houses for public accommodations at a retail shopping center located at 769 N Wellwood Ave, Lindenhurst.

11.     Upon information and belief, Defendant IMAGE PLAZA INC. is the landlord of the retail shopping center located at 769 N Wellwood Ave, Lindenhurst.

12.     Upon information and belief, Defendant IMAGE PLAZA INC. operates and controls the public access areas of the retail shopping center located at 769 N Wellwood Ave, Lindenhurst.

**CLASS ACTION**

13.    Plaintiff brings this suit for declaratory and injunctive relief and, as a class action for all those similarly situated, who, as persons who must use wheelchairs by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by Defendant, are protected by, and are beneficiaries of the ADA and New York State Human Rights Law.

14.    Plaintiff, complaining for himself and all others similarly situated residents in Suffolk County and State of New York hereby alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

15.    References to "Plaintiff" shall be deemed to include the individually named Plaintiffs, and each member of the Class, unless otherwise indicated.

**STATUTORY SCHEME**

16.    The 2020 United States Census indicates that more than 61 million persons in the United States have a disability. My first

17.    The ADA and New York State Human Rights Law recognize individuals with disabilities as a protected class.

18.    It is unlawful for a private entity which owns, leases to or operates a place of public

3

accommodations to discriminate against an individual with a disability.

19.     The ADA and New York State Human Rights Laws require a public accommodation to be readily accessible to and usable by a disabled individual.

20.     If a public accommodation is altered in the manner that affects or could affect the usability of the public accommodation thereof, it must make alterations in such a manner that, to the maximum extent feasible, the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities.

21.     Where a public accommodation undertakes an alteration that affects or could affect usability of or access to an area of the public accommodation containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms are readily accessible to and usable by individuals with disabilities.

22.     All public accommodations have a continuous legal obligation to remove all readily achievable barriers which denies a disabled individual with the opportunity to participate in or benefit from services or accommodations.

23.     Failure to remove all readily achievable architectural barriers is defined as disability discrimination in violation of the ADA. *See* 42 U.S.C. § 12182(b)(2)(A)(iv).

24.     The ADA requires public accommodations to make reasonable modifications to the policies, practices, or procedures to afford access to persons with disabilities that is equal to the access afforded to individuals without disabilities.

25.     If changes are made in the main use or dominant occupancy of such building, Defendant must implement accessibility features and construction to the entire building, as if the building were hereinafter erected, including direct unobstructed access from the sidewalk to the entrance.

4

26.     The landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation have a non-delegable duty to comply with the ADA.

27.     The landlord and owner of a property which houses a public accommodation are liable for their tenant's failure to comply with the ADA, New York City Human Rights Law or New York State Human Rights Law.  Property leases which contain contradictory language is superseded by the ADA.

28.     The ADA and New York State Human Rights Law recognize individuals with disabilities as a protected class.

29.     Discriminatory intent is not required to establish liability under ADA and New York State Human Rights Law.

## FACTUAL BACKGROUND

30.     Plaintiff is paralyzed and cannot walk. As such, Plaintiff uses a wheelchair for mobility.

31.     Defendant IMAGE PLAZA INC. owns or leases the commercial property which houses 4 public accommodations at the retail shopping center located at 769 N Wellwood Ave, Lindenhurst.

32.     Plaintiff resides five blocks away from Defendant's retail shopping center. However, because Defendant does not provide any accessible route to access or patron the public accommodations, Plaintiff does not have equal access or use of the retail shopping center.

33.     Plaintiff regularly attempts to patron the barbershop located at Defendant's retail shopping center. However, there does not exist any accessible parking space or accessible route leading to the entrance. Also, the entrance of each public accommodations lacks sufficient maneuvering clearance and provides no parallel or front approach to each entrance.

34.     Plaintiff has regularly visited Defendant's public accommodation in 2021 and 2022.

35.     Each time Plaintiff went to Defendant's public accommodation, he has encountered and has had difficulties navigating the existing unlawful architectural.

36.     Plaintiff is deterred from visiting Defendant's public accommodation because of the existing accessibility barriers.

37.     Plaintiff has the intention to return to and avail himself the goods and services offered to the public by Defendant's public accommodation once it becomes readily accessible to and usable.

38.     The removal of existing architectural barriers is readily achievable.

39.     To date, Defendant has failed to remove the architectural barriers.

40.     Features of Defendant's public accommodation inaccessible to Plaintiff, and others similarly situated, are including but not limited to:

    a.      Defendant do not provide at least one accessible route within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve in violation of the ADA Accessibility Guidelines,  36 C.F.R. Part 1191 Appendix B § 206.2 .1.

    b.      There does not exist an accessible route from the public streets and sidewalks to Defendant's entrance in violation of the 1991 ADAAG § 4.3.2 and 4.3.3; 2010 ADAAG § 206.2.1.

    c.      There does not exist an accessible route to enter the public accommodations in violation of 28 CFR § 36.403(e); 1991 ADAAG § 4.3.2; 2010 ADAAG § 402.

d.     An accessible means of egress is not provided in violation of the 1991 ADAAG § 4.3.10; 2010 ADAAG § 207.1.

e.     The walkway to enter Defendant's public accommodation has unlawful changes in level in violation of the 1991 ADAAG § 4. 5.2; 2010 ADAAG §§ 303.2.

f.     There is insufficient maneuvering clearance perpendicular to the entrance doorway of each public accommodation in violation of 2010 ADAAG 404.2.4.

g.     There is insufficient maneuvering clearance parallel to the entrance doorway of each public accommodation in violation of 2010 ADAAG 404.2.4.

h.     Upon information and belief, the floor and ground surfaces at the parking spaces and aisles do not comply with the 2010 ADAAG § 502.4.

i.     The existing alleged accessible parking space does not comply with the 2010 ADAAG § 502.

j.     There does not exist any signage or accessible parking spaces in violation of the 2010 ADAAG § 208.

**FIRST CAUSE OF ACTION**
**(Violations of the Americans with Disabilities Act)**
(Injunctive Relief)

41.    Defendant's retail shopping center located at 769 N Wellwood Ave, Lindenhurst is a public accommodations within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104.

42.    Defendant has failed to make adequate accommodations and modifications to its public accommodation located at 769 N Wellwood Ave, Lindenhurst.

7

43.    Defendant has failed to remove all architectural barriers that are structural in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

44.    There exist readily achievable modifications which would make Defendant's public accommodation accessible and readily usable by Plaintiff and all others similarly situated.

45.    Defendant failed to make the necessary readily achievable modifications to its public accommodation.

46.    Upon information and belief, since 1992, Defendant's retail shopping center in its public accommodations have undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

47.    It is not impossible for Defendant to remove the architectural barriers which exist at its retail shopping center.

48.    Defendant failed to design and construct its retail shopping center to be readily accessible to and usable by Plaintiff in violation of 42 U.S. Code § 12183(a)(1).

49.    It is not structurally impracticable for Defendant's retail shopping center to be accessible.

50.    Defendant has failed to alter its retail shopping center to the maximum extent feasible in violation of 42 U.S. Code § 12183(a)(2).

51.    The public accommodations of Defendant's retail shopping center are not fully accessible to, or readily useable by individuals with disabilities.

52.    Defendant has discriminated against Plaintiff, and all others similarly situated, on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

53.     Defendant has subjected Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements, to a denial of opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendant in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

54.     Defendant has not afforded Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii)..

55.     Defendant has provided Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

56.     Defendant has not afforded plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

57.     Defendant has denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

58.     Defendant has imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

59.     Defendant has failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

60.     Defendant should have achieved accessibility by January 26, 1992.

61.     The barriers to access Defendant's retail shopping center continue to exist.

62.     Reasonable accommodations exist which do not impose an undue hardship on the operation of the Defendant's program or activity.

63.     Reasonable accommodations could be made which do not fundamentally alter the nature of the Defendant's program or activity.

### SECOND CAUSE OF ACTION
### (Violations of New York State Human Rights Law)
(Injunctive Relief and Damages on Behalf of Plaintiffs)

64.     Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

65.     Defendant's retail shopping center and its public accommodations are located at 769 N Wellwood Ave, Lindenhurst are public accommodation within the meaning of New York State Human Rights Law § 292(9).

66.     Defendant has not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

67.     Defendant's direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when he was segregated from all other customers.

68.     Defendant has, because of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

69.     Defendant has demonstrated that the patronage or custom threat of Plaintiff and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

70.     Defendant and its agents discriminated against Plaintiff in violation of New York State Human Rights Law § 296.

71.     Defendant discriminated in against Plaintiff by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiff, in violation of New York State Human Rights Law § 296.

72.     As a direct and proximate result of Defendant unlawful discrimination in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer emotional distress, including but not limited to, humiliation, mental anguish, stress, headache and attendant bodily injury, violation of his civil rights, loss of dignity, embarrassment, anxiety, loss of self-esteem and self-confidence, and otherwise sustained injury.

## THIRD CAUSE OF ACTION
### (Violations of New York State Civil Rights Law)
(Statutory Damages on Behalf of Plaintiffs)

73.     Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

74.     On the basis of Plaintiff's disability, Defendant has violated his Civil Rights.

75.     Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

76.     Pursuant to NY Civil Rights law, Defendant is guilty of a class A misdemeanor.

77.     Notice of the action has been served upon the Attorney-General as required by Civil

Rights Law § 40-d.

## FOURTH CAUSE OF ACTION
### (Declaratory Relief)

78.     Plaintiff realleges and incorporates by this reference all of the allegations set forth in this

Complaint as if fully set forth herein.

79.     Plaintiff is entitled to a declaratory judgment concerning the violations committed by

Defendant specifying the rights of Plaintiff and other persons similarly situated as to the

policies, practices, procedures, facilities, goods and services provided by Defendant.

## INJUNCTIVE RELIEF

80.     Issue a permanent injunction enjoining Defendant from disability discrimination.

81.     Issue a permanent injunction ordering Defendant to alter its facility to make such

facility readily accessible to and usable by individuals with disabilities.

82.     Issue a permanent injunction requiring Defendant to make all necessary modifications

to Defendant's policies or practices so that Plaintiff and other persons similarly situated will not

be subject to further unlawful discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief from the Court:

A.      Certify this case as a class action;

A.      Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring

Defendant to alter and make its retail shopping center in public accommodations readily

accessible to and usable to individuals with disabilities, and 3) compelling Defendant to make

all necessary modifications to Defendant's policies or practices so that Plaintiff will not be subject to further discrimination, in accordance with New York State Human Rights Laws and Title III of the ADA.

B.      Enter declaratory judgment specifying Defendant's conduct as alleged here has violated, and continues to violate, Title III of the ADA, and New York State law, and its implementing regulations and declaring the rights of Plaintiff and other persons similarly situated as to policies, practices, procedures, facilities, goods and services offered by Defendant to the public.

C.      Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendant liable for $500 for *each* and every violation.

D.      Pursuant to New York State Civil Rights Law § 40-d, find Defendant guilty of a class A misdemeanor for violating New York State Civil Rights Law.

E.      The court retain jurisdiction over the Defendant until the court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur.

F.      Award Plaintiff compensatory damages in the amount of $10,000 for Defendant discrimination in violation of New York State Human Rights Law.

G.      Award Plaintiff punitive damages in the amount to be determined at trial for Defendant violation of New York State Human Rights Laws.

H.      Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

I.      For such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

13

Dated: June 12, 2022

LAW OFFICES OF JAMES E. BAHAMONDE,
P.C.

X _____

JAMES E. BAHAMONDE, ESQ.
Attorney for the Plaintiff(s)
Tel:  (646) 290-8258
Fax: (646) 435-4376
E-mail:  James@CivilRightsNY.com

14